IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Carlos Mansilla-Gomez,<br><br>        Plaintiff,<br><br>vs.<br><br>Mid-South Erectors, Inc.; The Building Center, Inc.; Scott Lancaster Cranes, Inc.; and Peterson Builders Framing Contractors, LLC,<br><br>        Defendants. | C/A No. 0:14-cv-00308-JFA<br><br>**ORDER** |

      This matter comes before the court on a motion to remand filed by Carlos Mansilla-Gomez ("Plaintiff"). ECF No. 36. Specifically, Plaintiff submits that the removal of the case on diversity grounds was untimely under 28 U.S.C. §1446(c)(1) because more than one year had passed since the commencement of the action in state court. One of the defendants, Mid-South Erectors, Inc. ("Mid-South"), has filed a response in opposition, in which another defendant, Scott Lancaster Cranes, Inc., joins. ECF Nos. 38–39. Mid-South argues that Plaintiff has acted in bad faith and that the one-year bar on removal based on diversity does not apply.

      For the reasons that follow, the court grants Plaintiff's motion.

**I.    BACKGROUND**

      Plaintiff filed this lawsuit on December 13, 2012, in the York County Court of Common Pleas. Mid-South was served on December 19, 2012, but did not answer or otherwise respond and, eventually, was placed in default. Subsequently, on July 2, 2013, Plaintiff notified the state court that it had agreed to set aside the entry of default and moved to allow Mid-South to answer. The state court granted the motion, and Mid-South answered on July 26, 2013. On February 5, 2014, Mid-South filed its Petition and Notice of Removal. Plaintiff filed a motion to remand, which is now before this court. Being fully briefed, the motion is ripe for this court's review.

## II.     ANALYSIS

A defendant has a statutory right to remove a civil action brought in state court over which "the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a); *Davis v. N.C. Dep't of Corr.*, 48 F.3d 134, 138 (4th Cir.1995). However, if federal jurisdiction is based on diversity conferred by 28 U.S.C § 1332, as is the case here, removal is subject to a statutory limitation: A defendant may not remove a case "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C § 1446(c).[1]

If it appears that removal was improper, a party can move to remand the case to state court "within 30 days after the filing of the notice of removal . . . ." 28 U.S.C. § 1447(c). When removal is challenged, the defendant has the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chem. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). Because federal courts are courts of limited jurisdiction, removal raises federalism concerns and must be strictly construed in favor of state court jurisdiction. *Id.* "If federal jurisdiction is doubtful, a remand is necessary." *Id.*

Here, the parties do not dispute that they are diverse, that the amount in controversy exceeds $75,000, and that Mid-South filed its removal notice more than one year after the commencement of the action in state court. Rather, the sole issue before this court is whether Plaintiff acted in bad faith so as to allow Mid-South to remove the case based on diversity more than one year after the filing of the lawsuit.

---

[1]  Section 1446 was amended as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011, signed into law on December 7, 2011. It took effect upon the expiration of the 30-day period beginning on the date of enactment, and applies to actions commenced on or after the effective date. The legislation modified what had been a prohibition on removals of diversity cases more than one year after commencement of the action, by lifting the prohibition when a court finds that the plaintiff acted in bad faith to prevent a defendant from removing the action.

The Fourth Circuit Court of Appeals has not addressed the issue, and only a handful of district courts in the circuit have weighed the bad faith exception in section 1446.  *See Brown v. Wal-Mart Stores, Inc.*, 2014 WL 60044 (W.D. Va. Jan. 7, 2014) (finding bad faith because the plaintiff deliberately delayed providing a defendant with notice that the claim exceeded $75,000); *see also Watts v. RMD Holdings, Ltd.*, 2012 WL 3860738 (S.D.W. Va. Sept. 5, 2012) (finding no evidence or indication of bad faith on the part of the plaintiffs).

Mid-South argues that the bad faith exception applies here because Plaintiff intentionally failed to include any jurisdictional information in his state court complaint; Plaintiff made the strategic decision to deny requests for admission[2] that had sought to determine if Plaintiff was a citizen or resident of North Carolina for purposes of diversity; and Plaintiff failed to respond to written discovery until after the expiration of the one year despite the Mid-South's efforts to compel information on Plaintiff's citizenship.

In his motion to remand, Plaintiff argues that the one-year limitation precludes removal because his conduct was not improper.  He contends, even if this court were to construe his actions to be less than ideal, that his conduct did not amount to bad faith as set out by the statute.

As to Mid-South's specific allegations, Plaintiff first submits that the law does not require him to set forth his citizenship and residency status in his state court complaint.  Second, Plaintiff argues that he properly denied Mid-South's requests for admission.  In support of this argument, Plaintiff submits that, at all times relevant, he did reside within the State of North Carolina, albeit illegally.  Further, Plaintiff submits that the requests for admissions were compound requests.  In that regard, Plaintiff contends that Mid-South should have drafted its requests for admission

---

[2] The requests for admissions read as follows:
  1) Admit that at the time of the commencement of this action, the Plaintiff was not a citizen or resident of the State of North Carolina.
  2) Admit that the Plaintiff is not currently a citizen or resident of the State of North Carolina.
ECF No. 1–1.

differently if it sought to determine whether Plaintiff was admitted lawfully as a permanent residence in the United States, learn in which state Plaintiff was domiciled, or discern Plaintiff's "legal citizenship and residency" status. Third, Plaintiff submits that his delay in responding to Mid-South's supplemental interrogatories was inadvertent at most.

Having carefully considered the arguments of the parties, the court finds that it is constrained to remand the case to state court. Although Plaintiff admittedly failed to provide a response to supplemental interrogatories because of what he called an oversight and also left out his citizenship in the state complaint, the court finds that Plaintiff has not acted in bad faith for purposes of section 1446. For the bad faith exception to apply, the court must find that Plaintiff "has acted in bad faith *in order to prevent* a defendant from removing the action." 28 U.S.C § 1446(c) (emphasis added). Here, however, the court finds that other factors might have motivated Plaintiff's decisions to leave out his citizenship in the complaint and other reasons might have caused Plaintiff's delay in responding to the interrogatories. Furthermore, the court finds that Mid-South's requests for admission were compound requests that could have yielded a variety of responses. In light of these findings and because this is a court of limited jurisdiction, the court will construe the facts in favor of state court jurisdiction.

## III.    CONCLUSION

For the foregoing reasons, the court hereby grants Plaintiff's motion and remands the case to state court. The Clerk of Court shall send a certified copy of this order of remand to the Clerk of the Court of Common Pleas, York County, Sixteenth Judicial Circuit of South Carolina.

IT IS SO ORDERED.

April 3, 2014                                                           Joseph F. Anderson, Jr.
Columbia, South Carolina                                     United States District Judge

4